# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 24-5287                         September Term, 2024

1:24-cv-02530-UNA

**Filed On:** May 27, 2025

Jason B. Nicholas,

         Appellant

       v.

Donald J. Trump, President, United States of
America, et al.,

         Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**     Pillard, Katsas, and Rao, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief and appendix filed by appellant.  See Fed.
R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's October 22, 2024 order be
affirmed.  The district court correctly concluded that appellant lacks standing.  See Food
& Drug Admin v. Alliance for Hippocratic Medicine, 602 U.S. 367, 381 (2024) (observing
that an injury-in-fact "must affect the plaintiff in a personal and individual way and not
be a generalized grievance" (internal quotation marks omitted)).  Appellant's reliance on
United States v. Texas, 599 U.S. 670 (2023), is unavailing.  The Supreme Court in
Texas did not purport to dispense with or provide an exception to the injury-in-fact
requirement, which appellant has not satisfied here.  Moreover, the district court did not
err by sua sponte dismissing the case for lack of standing.  See Bauer v. Marmara,
774 F.3d 1026, 1029 (D.C. Cir. 2014) ("Standing can be raised at any point in a case
proceeding and, as a jurisdictional matter, may be raised, *sua sponte*, by the court."
(internal quotation marks omitted)); Fed. R. Civ. P. 12(h)(3) ("If the court determines at
any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk
is directed to withhold issuance of the mandate herein until seven days after resolution

of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App.
P. 41(b); D.C. Cir. Rule 41.


**Per Curiam**


                                        **FOR THE COURT:**
                                        Clifton B. Cislak, Clerk

                          BY:     /s/
                                  Daniel J. Reidy
                                  Deputy Clerk